<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TACUMA ASHMAN,<br><br>     *Petitioner*,<br><br>    v.<br><br>THE ATTORNEY GENERAL OF THE<br>STATE OF NEW JERSEY,<br><br>     *Respondent*. | Civil Action No. 2:26-cv-01068<br><br>**OPINION**<br><br>August 13, 2026 |

   **THIS MATTER** comes before the Court *sua sponte* for screening of the *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (ECF No. 1) of Tacuma Ashman ("Petitioner"), and on Petitioner's related letter application seeking a stay and abeyance of these proceedings pending the resolution of a post-conviction relief ("PCR") petition he represents is pending in state court on the same indictment (ECF No. 3.)  For the reasons set forth below, the Petition survives initial screening, and Petitioner's application for a stay is **GRANTED** subject to the conditions set forth in the accompanying Order.

  **I.**   <u>**BACKGROUND AND PROCEDURAL HISTORY**</u>

   Petitioner is presently confined at Northern State Prison, Newark, New Jersey, serving an aggregate thirty-year term of imprisonment, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, imposed on February 4, 2022, by the Superior Court of New Jersey, Law Division, Bergen County, following a jury trial under Indictment No. 19-02-0239-I.  (ECF No. 1 at 2.)  Petitioner was convicted of two counts of armed robbery, N.J.S.A. 2C:15-1(a), and one count of possession

of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a).  (*Id*.)

Petitioner appealed his judgment of conviction to the Superior Court of New Jersey, Appellate Division, Docket No. A-1800-21.  (*Id*. at 3.)  In an unpublished opinion dated February 18, 2025, the Appellate Division affirmed the conviction in part and remanded, in part, for further proceedings related to sentencing.  (*See id*.; *State v. Ashman*, No. A-1105-22, 2025 WL 520449 (N.J. Super. App. Div. Feb. 18, 2025), *cert. denied,* 344 A.3d 350 (N.J. 2025).)

On direct appeal, Petitioner raised, among other things, the two claims he now presses in the instant Petition as Ground One: (1) that the trial court's decision to mistrial the case as to a codefendant, while proceeding to verdict as to Petitioner, left the jury with only Petitioner to blame for the offense and thereby violated his rights to due process and a fair trial; and (2) that the matter should be remanded for a new sentencing hearing because the sentencing court expressly penalized Petitioner for failing to admit guilt or express remorse, relied on dismissed charges, and misapplied the sentencing factors set forth in *State v. Yarbough*, 100 N.J. 627 (1985), to arrive at an excessive thirty-year sentence, with twenty-five and one-half years of parole ineligibility.  (ECF No. 1 at 4.) Petitioner sought further review in the Supreme Court of New Jersey, which denied certification on October 16, 2025.  (*Id*. at 3; *State v. Ashman*, 344 A.3d 350 (N.J. 2025).)

Petitioner placed the instant Petition in the prison mailing system on January 22, 2026, and the Petition was docketed on February 3, 2026.  (ECF No. 1.)  The $5.00 filing fee was received and receipted on February 17, 2026.  (*See* Notice of Electronic Filing, dated February 17, 2026.) As "Ground One" of the Petition, Petitioner incorporates by reference the claims he raised on direct appeal, as described above.  (ECF No. 1 at 6–7.)  In response to Question 15, which asks whether any petition or appeal concerning the challenged judgment remains pending in state court,

2

Petitioner answered "Yes," identifying "Bergen County Superior Court of New Jersey in Indictment #19-02-0239-I." (*Id.* at 12.)

Thereafter, by letter docketed March 13, 2026, Petitioner advised the Court that he has "a Post-Conviction Relief Petition pending in State Court under the exact indictment number," which he represents "serves as the ba[sis] for [his] Habeas Corpus Petition." (ECF No. 3.) Petitioner accordingly requests that the Court "grant Petitioner a STAY in ABEYANCE." (*Id.*) He further explains that, "[i]n the event that Petitioner does not obtain Post-Conviction relief," he "will then be compelled to Amend his Habeas Corpus Petition." (*Id.*)

## II.    **LEGAL STANDARD**

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to examine a habeas petition upon filing. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rules Governing § 2254 Cases, Rule 4. Otherwise, "the judge must order the respondent to file an answer, motion, or other response." *Id.* At this stage, the Court does not resolve the ultimate merits of the claims or undertake an evidentiary determination. Rather, the Court determines whether, based on the petition and any attached exhibits, it plainly appears that the petitioner is not entitled to relief. *See Mayle v. Felix*, 545 U.S. 644, 656 (2005); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985). Summary dismissal is appropriate where none of the grounds alleged in the petition would entitle the petitioner to relief. *See United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).

A federal court may not grant habeas relief to a state prisoner unless the prisoner has exhausted the remedies available in state court, or there is an absence of available state corrective process, or such process would be ineffective to protect the prisoner's rights. 28 U.S.C. §

3

2254(b)(1).  Exhaustion requires that a claim be "fairly presented" to the state's highest court, whether on direct appeal or through the state's post-conviction process.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993).

Where a habeas petition contains claims that have not yet been exhausted in state court, a district court has discretion, in limited circumstances, to stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust those claims, rather than dismiss the petition outright.  *Rhines v. Weber*, 544 U.S. 269, 275–78 (2005); *Crews v. Horn*, 360 F.3d 146, 151–52 (3d Cir. 2004) (recognizing the stay-and-abeyance procedure in this Circuit).  Stay and abeyance is available only where the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in state court, the unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics.  *Rhines*, 544 U.S. at 277–78.

Even where a petition, as pled, contains only exhausted claims, courts in this District have applied the same framework, by analogy, to a protective stay sought to allow a petitioner to exhaust related claims in a pending state PCR proceeding and thereafter seek leave to amend, in light of the one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), and the interplay between that limitations period and the statutory tolling provision of § 2244(d)(2), which tolls the limitations period only during the pendency of a "properly filed" application for state post-conviction or other collateral review.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005); *Duncan v. Walker*, 533 U.S. 167, 172–73 (2001) (a federal habeas petition itself does not toll the AEDPA limitations period).

## III.    <u>DISCUSSION</u>

As pled, Ground One of the Petition—that the mistrial as to a codefendant impermissibly

4

left the jury with only Petitioner to blame, and that the sentencing court penalized Petitioner for maintaining his innocence, relied on dismissed charges, and misapplied the *Yarbough* factors— was raised on direct appeal to the Appellate Division and pursued to the Supreme Court of New Jersey, which denied certification. These claims therefore appear, on the face of the Petition, to have been fairly presented to New Jersey's highest court and exhausted for purposes of § 2254(b)(1). Neither claim is so plainly without merit on its face as to warrant summary dismissal under Rule 4.

Petitioner's submissions, however, reflect that he does not intend Ground One to be the full measure of his federal claims. Petitioner represents that a PCR petition is pending in the Superior Court of New Jersey on the same indictment, that it "serves as the ba[sis]" for relief he intends to seek in this action, and that he will seek to amend the Petition depending on the outcome of that state proceeding. (ECF No. 3.) The Court notes an apparent inconsistency in the record that should be clarified before further proceedings: the form Petition itself, at Question 12(d) and the corresponding grounds sections, indicates that no post-conviction motion or petition had been filed in state court as of the Petition's execution date, while Petitioner's subsequent March 6, 2026 letter refers to a PCR petition as already "pending." Petitioner shall be directed, in the accompanying Order, to clarify the filing date and current status of any PCR petition and to identify, with reasonable particularity, the claim or claims raised there that are not already reflected in Ground One of the Petition.

Notwithstanding that ambiguity, the Court is satisfied that a stay is warranted at this juncture. Petitioner is proceeding *pro se* from state prison, and his stated reason for not having completed PCR proceedings before filing—that matters remained pending in the trial court under the same indictment—is not the product of intentional delay on this record. Nothing before the

Court suggests that Petitioner has engaged in dilatory tactics; to the contrary, Petitioner filed the instant Petition promptly after the conclusion of direct review, evidently out of a reasonable concern for the one-year limitations period under 28 U.S.C. § 2244(d)(1). Proceeding to adjudicate Ground One now, only to have Petitioner return with a successive or amended petition raising PCR-based claims later, would risk the sort of piecemeal litigation that the stay-and-abeyance procedure is designed to avoid, and could expose any later-filed claims to a limitations bar depending on how the state PCR proceeding unfolds. *See Rhines*, 544 U.S. at 275-77.

Accordingly, in the exercise of its discretion, and to preserve the *status quo* while Petitioner exhausts any additional claims in state court, the Court will grant a stay and hold this matter in abeyance, subject to conditions designed to ensure that the stay does not become a vehicle for indefinite delay. *See Rhines*, 544 U.S. at 277-78 (a stay must be subject to reasonable time limits and may be vacated if a petitioner engages in abusive litigation tactics or intentional delay).

### IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Petition survives screening under Rule 4 of the Rules Governing Section 2254 Cases, and Petitioner's application for a stay and abeyance is **GRANTED**, subject to the conditions set forth in an appropriate Order to follow.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**